UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| LEROY GOOCH, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 19-339-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| HOWMEDICA OSTEONICS CORPORATION d/b/a STRYKER ORTHOPAEDICS, et al., | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Leroy Gooch has filed a motion seeking permission to serve Defendant Howmedica International S De R.L. ("HOC International") by alternative means, pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure. [Record No. 45] The motion will be denied because the plaintiff has not attempted to serve HOC International by traditional means and has not identified any extenuating circumstances that would hinder his ability to serve the defendant under Rule 4(f)(1) or (2).

Gooch filed the Complaint in this matter on August 21, 2019. He named Howmedica Osteonics Corporation ("HOC") and Osartis GMBH ("Osartis") as defendants, alleging that he was harmed as a result of their defective products being used in his knee replacement surgery. On February 24, 2020, Gooch was granted permission to file an Amended Complaint which added HOC International as a defendant. [Record No. 31] Gooch alleged that HOC International was a citizen of Ireland.

- 1 -

Gooch's counsel sent an e-mail to HOC's attorneys of record shortly after filing the Amended Complaint, asking both HOC and HOC International to waive service. [Record No. 45-1] On March 30, 2020, counsel for Gooch received an e-mail from attorney Ben Walther of the firm Shook Hardy & Bacon, stating: "As we have explained in the past, we do not believe that Howmedica International S. de R.L. is a proper party or subject to [the] court[']s jurisdiction in the *Gooch* lawsuit[]. Howmedica International S. de R.L. therefore declines to waive service in [the] case."[1] [Record No. 45-2]

The parties now agree that HOC International is a Panamanian entity. Rule 4(h) of the Federal Rules of Civil Procedure provides that a foreign corporation, partnership, or other unincorporated association that is subject to suit under a common name may be served at a place not within any judicial district of the United States in any manner prescribed by Rule 4(f) for serving an individual, with the exception of personal delivery under (f)(2)(C)(i).

Rule 4(f) provides:

> Unless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States:
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>   (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>   (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>   (C) unless prohibited by the foreign country's law, by . . .
>     (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

---

[1] Attorney Walther's e-mail also addressed *Ackerman v. HOC, et al.*, 6:20-cv-3061 (W.D. Mo.), where a similar issue is pending. In that action, Walther has entered an appearance as counsel of record for HOC, along with Nicholas Deutsch who represents HOC in this matter.

    (3) by other means not prohibited by international agreement, as the court orders.

The threshold question is whether the Court may authorize service under Rule 4(f)(3). The parties agree that both Panama and the United States are signatories to the Inter-American Convention on Letters Rogatory which establishes a method agreed upon by both countries for service of civil process within their borders. *See Elcometer, Inc. v. TQC-USA, Inc.*, No. 12-cv-14628, 2013 U.S. Dist. LEXIS 19874, at *12 (E.D. Mich. Feb. 14, 2013) (permitting e-mail service under 4(f)(3) after plaintiff diligently, but unsuccessfully attempted to serve defendants through traditional methods). The Inter-American Convention does not purport to provide the exclusive method of effecting service between the signatories. Rather, it allows other means of service. *Dow Chem. Co. v. Edelstein*, No. 13-14745, 2014 U.S. Dist. LEXIS 41570, at *19 (E.D. Mich. Mar. 28, 2014).

  The United States Court of Appeals for the Sixth Circuit has not addressed whether there is a hierarchy among the methods of service set forth in Rule 4(f). *See Slay v. IB Travelin, Inc.*, No. 2: 18-cv-2728, 2019 U.S. Dist. LEXIS 22554, at *5 (W.D. Tenn. Feb. 12, 2019) (citing *Phoenix Process Equip. Co. v. Capital Equip. & Trading Corp.*, 250 F. Supp. 3d 296, 306 (W.D. Ky. 2017)). However, as the court in *Slay* and numerous other courts have observed, there is nothing in the language of Rule 4 that suggests Rule 4(f)(3) is "a last resort" or constitutes "extraordinary relief." *Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC*, 295 F.R.D. 259, 260 (S.D. Ohio 2013) (quoting *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)). *But see C&F Sys., LLC v. Limpimax, S.A.*, No. 1: 09-cv-858, 2010 U.S. Dist. LEXIS 973, at *6 (W.D. Mich. Jan. 6, 2010) (viewing Rule 4(f)(3) as a "final effort to make service when other means have failed").

Even if plaintiffs may be authorized to proceed directly under Rule 4(f)(3), the Court must decide "whether the facts and circumstances of the case warrant the exercise of its discretion to order alternative service." *Lexmark Int'l, Inc.*, 295 F.R.D. at 261. The plaintiff has not offered any authority indicating that a litigant should be able to invoke alternative service because it is more convenient than following internationally agreed-upon means. *See Slay*, 2019 U.S. Dist. LEXIS 22554, at *2 ("Congress trusted courts not to authorize alternative service of process under 4(f)(3) so regularly that regard for international comity would become a nullity."). The 1993 advisory committee notes to Rule 4 indicate that alternative service under Rule 4(f)(3) is justified only when there is a good reason for deviating from the traditional methods of international service, such as cases of urgency or when the internationally agreed-upon methods would be futile.

Gooch contends that he should be permitted to serve HOC International by serving "Stryker Counsel" in the United States (presumably Ben Walther) because "Stryker Counsel has communicated and consulted HOC International about this lawsuit" and "have the ability to inform HOC International of this litigation." Alternatively, Gooch asks that he be permitted to serve HOC International by serving its registered agent, a law firm in Panama City, Panama. However, Gooch has not provided any justification for his request for alternative service. While courts have permitted alternative service in the case of elusive, difficult-to-serve defendants, the plaintiff has not cited any case in which alternative service was authorized simply because a foreign defendant declined to waive service.

Plaintiff Gooch apparently has not made any efforts to serve Defendant HOC International. Without some additional showing of why service should not be made in compliance with Rule 4(f)(1) or (2) (e.g., urgency, futility, or obstacles in complying with

internationally agreed means of service or the foreign country's law), alternative service under Rule 4(f)(3) is inappropriate.  Accordingly, it is hereby

      **ORDERED** that the plaintiff's motion for alternative service pursuant to Fed. R. Civ. P. 4(f)(3) [Record No. 44] is **DENIED**.

      Dated: July 23, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky